UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-533(DSD/FLN)

The Netherlands Insurance
Company, a New Hampshire
corporation,

        Plaintiff,

v.                                                **ORDER**

Main Street Ingredients, LLC,
a Wisconsin limited liability
company, and Malt-O-Meal Company,
a Minnesota corporation,

        Defendants.

    This matter is before the court upon the motion by plaintiff Netherlands Insurance Company (Netherlands) to stay execution of judgment pending appeal, or, in the alternative, to set the amount of bond. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion in part.[1]

    An appellant may request and "obtain a stay by supersedeas bond" while a case is on appeal. Fed. R. Civ. P. 62(d); see New Access Commc'ns LLC v. Qwest Corp., 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005). "The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay." New Access, 378 F. Supp. 2d at 1138

---

[1] Pursuant to Rule 78, the court determines that oral argument is not necessary in this matter. See Fed. R. Civ. P. 78(b).

(citation omitted).  A court may, however, "waive the bond requirement and stay the enforcement of the judgment pending appeal without a bond."  Id. (citation omitted).  Under such circumstances, the movant must provide an objectively reasonable rationale for such a departure.  Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979).

Netherlands argues that the bond requirement should be waived, as it has a continuing ability to satisfy the judgment.  In support, Netherlands notes that its parent company, Liberty Mutual Insurance Group (Liberty), has $117.1 billion in assets and $34.7 billion in annual revenues. Defendant Main Street Ingredients, LLC responds that the financial wherewithal of Liberty is irrelevant, as Liberty has no obligation to satisfy a judgment against Netherlands.  The court agrees and finds that Netherlands has not met its burden to demonstrate that the court should waive the supersedeas bond.

Netherlands requests, in the alternative, that the court set the amount of the supersedeas bond and allow it fourteen days in which to file the bond.  The court grants this request, and sets the bond amount at $1,500,000.00.  Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion [ECF No. 67] is granted in part, consistent with this order;

    2.   Plaintiff shall post a bond in the amount of $1,500,000.00 by March 11, 2013;

    3.   All proceedings to enforce or execute the judgment of the court in favor of defendant are stayed pending appeal; and

    4.   If the judgment is affirmed or modified or the appeal is dismissed, defendant may commence enforcement proceedings without further order of the court.

Dated:  February 22, 2013

                                            s/David S. Doty  
                                            David S. Doty, Judge  
                                            United States District Court